IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE WILLIAMS, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| NELKIN PROPERTIES, INC. | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Nicole Williams ("Plaintiff" or "Williams"), and files this Complaint against Nelkin Properties, Inc. ("Defendant" or "Nelkin Properties"), and shows the following:

## I.      Nature of Complaint

### 1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

### 2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Nelkin Properties, Inc. is a Georgia corporation and resides in this district.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From January 9, 2014 to March 27, 2015, Plaintiff was employed by Defendant with the job title "property manager".

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

During the period of January 9, 2014 to March 23, 2014, Williams regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation for some of her overtime hours worked, while being paid on an hourly basis with the job title "property manager".

9.

From March 24, 2014 to March 27, 2015, Plaintiff regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation for her overtime hours worked, while being paid on a salary basis with the job title "property manager".

10.

Throughout her employment in the property manager position, January 9, 2014 to March 27, 2015, Plaintiff's primary duty was the performance of non-exempt work, specifically working the front desk at Defendant's motel, checking rooms for cleanliness, and walking the property.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Throughout her employment with Defendant in the property manager position, Plaintiff was non-exempt from the overtime requirements of the FLSA and was entitled to overtime for any hours he worked excess of (40) in given workweeks.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Throughout Plaintiff's employment with Defendant in the property manager position, Defendant routinely failed to pay Plaintiff the overtime wage differential

required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

16.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

17.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

18.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

19.

Defendant's violations of the FLSA were willful and in bad faith.

20.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

21.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)    Permit Plaintiff to amend her Complaint to add state law claims if

necessary;

(E)    Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted, this 7th day of October, 2015.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Nicole Williams

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile