# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Nicole Williams ("Williams"), and M.B.D. Properties, LLC ("M.B.D."). Williams and M.B.D. are sometimes collectively referred to herein as "the Parties" or individually as "Party."

### Recitals

A.     Nicole Williams filed a lawsuit against M.B.D. Properties, LLC in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as *Nicole Williams v. M.B.D. Properties, LLC and Columbia Hospitality Management, LLC*, Case No. 1:15-cv-03552-ELR (the "Lawsuit"). The Lawsuit alleges violations of the Fair Labor Standards Act ("FLSA"), including a purported failure to pay Williams for overtime worked.

B.     M.B.D. has denied and continues to deny liability to Williams for the matters alleged or which could have been alleged in the Lawsuit.

C.     The Parties desire to settle this Lawsuit and any other claims Williams may have against M.B.D. upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings by Williams that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

D.     M.B.D. is willing to provide Williams with certain consideration described below, which it is not ordinarily required to, provided Williams dismisses the Lawsuit with prejudice, releases M.B.D. from any claims Williams has made or might make arising out of her employment with M.B.D., and agrees to comply with the other promises and conditions set forth in this Agreement.

### Agreement

1.     **Recitals:** The Parties acknowledge that the Recitals above are true and correct, and are incorporated herein as material parts to this Agreement.

2.     **"M.B.D." Defined:** Throughout this Agreement, the term "M.B.D." shall encompass the following: (a) M.B.D. Properties, LLC, and any subsidiaries, parent companies, predecessors, affiliated entities, related entities, or divisions thereof; and (b) any current or former partner, member, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by this definition.

3.     **Dismissal of the Lawsuit with Prejudice:** Upon execution of this Agreement, Williams' counsel will execute, and M.B.D.'s counsel shall cause to be filed, a Joint Motion for Approval of Settlement and Order of Dismissal with Prejudice. The Parties agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the Parties' settlement and dismisses the Lawsuit *with prejudice*, with each side to bear their own

costs, expenses, and attorneys' fees, except as otherwise provided herein. The Parties acknowledge and agree that this Agreement and the settlement terms provided herein are expressly contingent upon the Court's approval of the settlement and dismissal of the Lawsuit *with prejudice*.

    **4.**   **Settlement Consideration:**   In exchange for the promises set forth in this Agreement, M.B.D. shall pay the gross sum of Ten Thousand Dollars and 00/100 ($10,000.00) (the "Settlement Proceeds"), as set forth below and as follows:

A.         To Williams in the amount of Two Thousand Eight Hundred and Thirty-Seven Dollars and 50/100 ($2,837.50), less all legally required withholding taxes and payroll deductions (calculated based on a Form W-4 to be provided by Williams), as payment for claimed but disputed lost wages, for which M.B.D. will issue or cause to be issued to Williams an IRS Form W-2. This amount is comprised of claimed back pay damages as well as overtime pay, represents a compromise of disputed issues, and is thus a reasonable allocation to lost wages.

B.         To Williams in the amount of Two Thousand Eight Hundred and Thirty-Seven Dollars and 50/100 ($2,837.50), as payment for claimed but disputed non-wage damages, from which no withholdings will be made and for which M.B.D. will issue or cause to be issued to Williams an IRS Form 1099. This amount is comprised of claimed liquidated damages and also represents a compromise of disputed issues. Because the payment of liquidated damages is mandated by the FLSA, $2,837.50 is a reasonable allocation to liquidated and other non-wage damages.

          The Parties agree that the amount specified herein is for non-wage damages allegedly suffered by Williams. Based on representations by Williams, the Parties agree that this is a fair and reasonable apportionment of this settlement amount. In paying this amount, M.B.D. makes no representation as to the tax consequences or liability arising from said payment. To this extent, Williams acknowledges and agrees that she shall be solely responsible for and will pay any and all taxes that may be determined to be owed by Williams in connection with this payment and any other payments provided for within this Agreement.

C.         To Barrett & Farahany, LLP (Tax ID No. 582591514) in the amount of Four Thousand Three Hundred and Twenty-Five Dollars and 00/100 ($4,325.00). This amount represents payment of all attorneys' fees, costs and expenses incurred by Williams' counsel in this matter, and Williams' counsel will not seek any additional attorneys' fees, costs, or expenses from M.B.D. M.B.D. will issue an IRS Form 1099 to Barrett & Farahany, LLP for this payment.

D.         M.B.D. shall provide the consideration identified in this Paragraph 4(A)-(C) within ten (10) business days after all of the following: (1) M.B.D.

receives a facsimile of this Agreement appropriately signed and dated by Williams; (2) the revocation period set forth in Paragraph 26(C) expires; and (3) the Court enters an Order approving the settlement between the Parties and dismissing, *with prejudice*, all claims against M.B.D. in the matter of *Nicole Williams v. M.B.D. Properties, LLC and Columbia Hospitality Management, LLC*, Case No. 1:15-cv-03552-ELR.

5.      **Tax Liability:**  In paying the amount specified in Paragraph 4, M.B.D. makes no representation regarding the tax consequences or liability arising from said payments. Williams understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. M.B.D. has no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in this Agreement to Williams as required by its terms). Williams agrees to bear all tax consequences, if any, attendant upon the payment to her of the Settlement Proceeds. Williams further agrees to hold M.B.D. harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the Settlement Proceeds.  In the event M.B.D. receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against M.B.D., M.B.D. shall promptly, after receipt of such written notice, notify Williams by letter sent to counsel for Williams.

6.      **No Re-Employment:**  Williams permanently, unequivocally, and unconditionally waives any and all rights she may now have, may have had in the past, or may have in the future to obtain or resume employment with M.B.D. Williams agrees never to apply for employment with M.B.D.  In the event that Williams is ever mistakenly employed by M.B.D., Williams agrees to have her employment terminated with no resulting claim or cause of action against M.B.D., its parent, successors, affiliates, and/or subsidiaries. Williams acknowledges and agrees that she has no right to employment or re-employment with M.B.D. and M.B.D. may legally refuse to employ her.

7.      **Neutral Employment Reference:**  Williams agrees to direct all prospective employers to contact Nancy Sarmiento for references.  Upon inquiry by any prospective employer of Williams, M.B.D. agrees that Nancy Sarmiento will provide only dates of employment, rate(s) of pay, and position held by Williams.

8.      **Williams' General Release and Waiver of Claims:**  Upon receipt of the payments described herein, Williams (for herself, her agents, attorneys, successors and assigns, heirs, executors, and administrators) releases and discharges M.B.D. from any claims which were or which could have been asserted in the Lawsuit and any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date she executes this Agreement, and waives all claims relating to, arising out of, or in any way connected with her employment with M.B.D., the cessation of that employment, the compensation or benefits payable in connection with that employment or the cessation of that employment, any property left in the possession of M.B.D., and/or any other interaction with M.B.D., including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to:  (a) Title VII of the Civil Rights Act of

3

1964, as amended, 42 U.S.C. § 2000(e), et seq.; (b) The Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.; (c) The Equal Pay Act of 1963, as amended, 29 U.S.C. § 206, et seq.; (d) The Lilly Ledbetter Fair Pay Act of 2009; (e) The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq.; (f) the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq.; (g) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001, et seq.; (h) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681, et seq.; (i) The Civil Rights Act of 1866, 42 U.S.C. § 1981, et seq.; (j) the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq.; (k) The Occupational Safety and Health Act, as amended, 29 U.S.C. § 651, et seq.; (l) the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); (m) the Older Worker Benefit Protection Act; (n) the Genetic Information Nondiscrimination Act of 2008, 42 USC § 2000, et. seq.; (o) any agreement, representation, promise, understanding, policy, practice, plan, or potential entitlement (regardless of the source); (p) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of those sums explicitly identified in Paragraph 4; (q) breach of contract; (r) intentional infliction of emotional distress; and (s) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.

Williams further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Williams further covenants and agrees not to accept, recover, or receive any back pay, front pay, liquidated damages, other damages, or any form of relief based upon any claims that have been asserted or could have been asserted or settled in this Lawsuit that may arise out of, or in connection with, any other individual, class, or administrative remedies pursued by any federal, state, or local governmental agency against M.B.D. Finally, the above release excludes any other claim which cannot be released by private agreement. Nothing in this Agreement shall be construed to prohibit Williams from filing a charge with the Equal Employment Opportunity Commission ("Commission"), National Labor Relations Board ("NLRB") or any other federal, state, or local agency or participating in any investigation or proceeding conducted by such administrative agencies. However, Williams is waiving any claim she may have to receive monetary damages in connection with any Commission, NLRB or other agency proceeding concerning matters covered by this Agreement.

This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

9.    **Affirmations:** Williams represents and affirms that, other than this Lawsuit, she has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against M.B.D. with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Williams further represents and affirms as a material term of this Agreement that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and

4

that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to her, except as provided for in this Agreement.

     10.   **M.B.D.'s General Release and Waiver of Claims:**  Upon the Court's entry of an Order approving this Agreement, as described in Paragraph 3 herein, M.B.D. releases and discharges Williams and her agents, attorneys, successors and assigns, heirs, executors, and administrators, from any claims which could have been asserted in the Lawsuit and any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date M.B.D. executes this Agreement, and waives all claims relating to, arising out of, or in any way connected with M.B.D.'s employment of Williams and/or any other interaction with Williams.

     11.   **Company and Personal Property:**  Williams affirms that she has returned all equipment, documents, memoranda, records, files, notes, diskettes, credit cards, keys, computers, and any other matter or materials (from whatever source, including information electronically stored) that is the property of, or that was purchased or provided by, M.B.D., including any copies of the foregoing.

     12.   **Confidentiality:**  In consideration of and conditioned upon receipt of the Settlement Proceeds described in Paragraph 4 above, Williams agrees to keep the terms of this Agreement confidential and to not disclose the terms of this Agreement to any person or entity except her spouse, her legal and financial advisors or as may be required by a court to obtain Court approval of the settlement.  In response to any inquiries, Williams may state, by illustration, that "the case was resolved," "the case was settled," or words of similar force, effect and/or nature.

     13.   **Notice Requirements:**  Any notice ("Notice") provided for under this Agreement must comply with the requirements as set forth in this Paragraph.  Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate Party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any Notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any Party shall have the right from time to time to change the address or individual's attention to which Notices to it shall be sent by giving to the other Party at least ten (10) days prior Notice thereof.  The Parties' addresses for providing Notices hereunder shall be as follows:

        M.B.D. Properties, LLC                 Nicole Williams
        c/o Julie A. Angelini                  c/o V. Severin Roberts
        Littler Mendelson, P.C.              Barrett & Farahany, LLP
        3344 Peachtree Road, N.E.         1100 Peachtree Street NE
        Suite 1500                       Suite 500
        Atlanta, GA 30326              Atlanta, GA 30309

404.233.0333 telephone
404.233.2361 facsimile
jangelini@littler.com

404.214.0210 telephone
404.214.0125 facsimile
severin@justiceatwork.com

14.    **No Admission of Liability:**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by M.B.D. of any liability or unlawful conduct of any kind.

15.    **Headings:**  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

16.    **Modification of Agreement:**  This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties.  Williams agrees not to make any claim at any time or place that this Agreement has been verbally modified in any respect whatsoever.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.  The Parties acknowledge that only Mark Nelkin has the authority to modify this Agreement on behalf of M.B.D.

17.    **Successors:**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of M.B.D. and each past, present, or future employee, agent, representative, officer, member, or director of M.B.D. and any division, subsidiary, parent, or affiliated entity.

18.    **No Assignment:**  The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

19.    **Entire Agreement:**  This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of M.B.D. to Williams, except that it shall not supersede any agreement related to confidential and proprietary information, inventions, patents and copyrightable works.  Williams acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

20.    **Severability:**  The language of all parts of this Agreement shall in all cases be construed as a·whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. The Parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

6

covenant, or modify such term, provision, or covenant and proceed to enforce those terms as so limited or modified.

21.   **Applicable Law:**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

22.   **Non-Waiver:**  The waiver by any Party or Parties of a breach of any provision of this Agreement by any other Party or Parties shall not operate or be construed as a waiver by the non-breaching Party or Parties of any subsequent breach by the breaching Party or Parties.

23.   **Counterparts and Right:**  This Agreement may be signed in counterparts, which together shall constitute one agreement.  If this Agreement is signed in counterparts, no signatory hereto shall be bound until all Parties named below have duly executed, or caused to be duly executed, a counterpart of this Agreement.   Copies, facsimiles, and emails containing an executed copy of the Agreement shall be equivalent to originals with respect to this Agreement.

24.   **Effective Date:**  The "Effective Date" of this Agreement is the eighth day after the date that Williams signs the Agreement.

25.   **Complete Agreement:**   This Agreement sets forth the complete agreement between the Parties.

26.   **Compliance with Older Workers Benefit Protection Act:**  Williams, being 40 years of age or older, is advised of and acknowledges the following:

(A)   **Twenty-One Day Consideration Period.**  Williams shall have up to twenty-one (21) days to consider and accept the terms of this Agreement by fully executing it below, and returning it to M.B.D.'s counsel, as identified in Paragraph 13. During this twenty-one (21) day period and before signing this Agreement, Williams is encouraged to consult with an attorney regarding the terms and provisions of this Agreement, at her own expense.  The terms and provisions of this Agreement are null and void if not accepted by Williams within the twenty-one (21) day period.  Williams may sign the Agreement prior to the conclusion of the twenty-one (21) day period.

(B)   **Release of Age Discrimination in Employment Act Claims.**  By signing this Agreement, Williams waives any claims she has or might have against M.B.D. under the ADEA that accrued prior to the date of Williams's execution of the Agreement.

(C)   **Revocation Period.**  Williams shall have seven (7) calendar days from the date she signs this Agreement to revoke the Agreement by notifying M.B.D. in writing prior to the expiration of the seven (7) calendar day period.  Any revocation within this period must state "I hereby revoke my acceptance of our Agreement and General Release." The written revocation must be personally delivered to M.B.D. in the manner prescribed by Paragraph 13 above, and must be postmarked within seven (7) calendar days of Williams's execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period

7

has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

**WILLIAMS IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**WILLIAMS AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**BY SIGNING THIS AGREEMENT, THE PARTIES STATE THAT: THEY HAVE READ IT; THEY UNDERSTAND IT AND KNOW THAT THEY ARE GIVING UP IMPORTANT RIGHTS; THEY AGREE TO ALL THE TERMS CONTAINED HEREIN; THEY ARE AWARE OF THEIR RIGHT TO CONSULT WITH AN ATTORNEY; AND THEY HAVE SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

Nicole Williams                                          M.B.D. Properties, LLC

_Nicole Williams_                                        _____

Dated: __7/20/2016__                                     By: _____

                                                         Title: _____

                                                         Dated: _____


APPROVED AS TO FORM:


_____                         _____
V. Severin Roberts                                      Julie A. Angelini
Counsel for Nicole Williams                             Counsel for M.B.D. Properties, LLC


8

has expired.  If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

**WILLIAMS IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**WILLIAMS AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**BY SIGNING THIS AGREEMENT, THE PARTIES STATE THAT: THEY HAVE READ IT; THEY UNDERSTAND IT AND KNOW THAT THEY ARE GIVING UP IMPORTANT RIGHTS; THEY AGREE TO ALL THE TERMS CONTAINED HEREIN; THEY ARE AWARE OF THEIR RIGHT TO CONSULT WITH AN ATTORNEY; AND THEY HAVE SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

Nicole Williams                                     M.B.D. Properties, LLC

Dated: _____          By: _____

Title: Owner _____

Dated: 7/26/16 _____

APPROVED AS TO FORM:

_____
V. Severin Roberts
Counsel for Nicole Williams

_____
Julie A. Angelini
Counsel for M.B.D. Properties, LLC

8