# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | 1:15-CV-03552-ELR |
| M.B.D. PROPERTIES, LLC, and COLUMBIA HOSPITALITY MANAGEMENT, LLC, | * | |
| Defendants. | * | |

## ORDER

Plaintiff and Defendant M.B.D. Properties, LLC ("MBD") request the Court review and approve their Settlement Agreement and General Release.[1] (Doc. No. 31.) Plaintiff's claims against MBD arise under the Fair Labor Standards Act ("FLSA"). The FLSA was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal

---

[1] Plaintiff has already resolved her claims against Columbia Hospitality Management, LLC. (Doc. Nos. 26–28.)

quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first exception, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel in this action.

After reviewing the Settlement Agreement and General Release signed by both Plaintiff and MBD, the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the proposed Settlement Agreement is a fair and reasonable resolution to this action. Although MBD denies Plaintiff's allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve their dispute.

Accordingly, the Court **GRANTS** the present Joint Motion for Settlement Approval (Doc. No. 31) and **APPROVES** Plaintiff's Settlement Agreement (Doc. No. 31-1) with MBD. Plaintiff and MBD are **DIRECTED** to file a Joint Stipulation of Dismissal with Prejudice as to Plaintiff's claims against MBD. Because it is unnecessary for the case to remain on the Court's docket, it is **ORDERED** that this case is **ADMINISTRATIVELY CLOSED** with the right of any party to move to reopen.[2]

**SO ORDERED**, this 8th day of August, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[2] Administrative closure is a docket-control device used by the Court for statistical purposes. It will not prejudice the rights of the parties to this litigation in any manner.